SUMMERVILLE FRUIT FARMS, INC., Plaintiff, *v.* THE JOHN PETROSSI COMPANY and Another, Defendants.

Supreme Court, Monroe County, April 20, 1925.

Trespass — action to restrain city of Rochester and sewer contractor from trespassing on property of plaintiff — plaintiff's consent gave defendants right to occupy street — city not liable for permission to contractor to use stone crusher — ordinance did not permit contractor to put stone on plaintiff's property — plaintiff entitled to mandatory injunction to compel removal of stone from its lots and judgment for damages.

In an action by a property owner in the city of Rochester to restrain the city and a sewer contractor from trespassing on a street opened through its land, the plaintiff is barred from claiming that the defendants were trespassing on its land while they occupied the street, since it appears that the plaintiff gave permission to the city to construct the sewer; whether or not the street had been accepted by the city is unimportant in view of plaintiff's consent.

The city cannot be held liable because of the passage of an ordinance permitting the use of a stone crusher by the contractor, for that ordinance did not authorize the contractor to use plaintiff's property in carrying on the work.

The plaintiff is entitled to a mandatory injunction requiring the defendant contractor to remove the stone from lots owned by it or held by it under a contract of sale, and also to a judgment for the amount of the carrying charges on the lots during the period of their use by the contractor.

ACTION to restrain trespass upon lands of plaintiff.

*Macomber & Skivington*, for the plaintiff.

*Chamberlain, Page & Chamberlain* [*Philetus Chamberlain* of counsel], for the defendant The John Petrossi Company.

*Clarence M. Platt, Corporation Counsel* [*George B. Draper* and *Charles B. Forsyth* of counsel], for the defendant The City of Rochester.

CUNNINGHAM, J.:

The defendant the City of Rochester was constructing a sewer through Dorset street with the knowledge and consent of the plaintiff and thereby the city had the same rights as it would have had in a public street. It becomes unnecessary, therefore, to decide whether or not Dorset street has been accepted by the city of Rochester. The contractor, the defendant, had the same rights in Dorset street as did the city of Rochester.

The ordinance of the city of Rochester prohibiting the operation of stone crushers without the permission of the common council is designed to protect the health of the people of the city, and when permission is granted under that ordinance the only effect thereof is the determination by the common council that the health of the people of the city will not be affected by the operation of the stone crusher in the locality described in the permit.   Most of the consents granted under this ordinance permit the operation of stone crushers upon private property, but the city does not thereby permit the licensee to enter upon private property without the consent of the owners.   No liability will attach to the city because of the passage of this ordinance.

The contractor had the right to erect and operate on Dorset street such machinery as was necessary for the construction of the sewer, but the use of the stone crusher was unnecessary and unlawful.   (*Taylor* v. *N. Y. & Harlem R. R. Co.,* 27 App. Div. 190, 201; *Bradley* v. *Degnon Contracting Co.,* 224 N. Y. 60.)

The plaintiff is entitled to a mandatory injunction requiring the defendant to remove the stone from the lots owned by it and also from the lots which it holds subject to contract.

The defendant The John Petrossi Company has made unsalable the lots on the west side of Dorset street and the lots on the east side of Bock street.   The stone crusher was operated from June, 1922, to June, 1924; therefore, the plaintiff will be obliged to carry these lands two years longer than would be necessary if the stone crusher had not been unlawfully erected and operated.

The plaintiff owns fourteen lots on the east side of Bock street and fifteen lots on the west side of Dorset street, a total of twenty-nine lots, the market value of each of which is $300; the carrying charges on these lots at eight per cent is $696 per year, or $1,392 for two years, for which amount judgment is awarded the plaintiff against the defendant The John Petrossi Company, with costs.

The complaint is dismissed as to the defendant the City of Rochester, with costs.